THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAMIEN PADILLA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:25-cv-00730-GCS |
| **ANTHONY WILLS, CARRIE MORRIS, KATIE PHILLIPS, and MS. RELGESPERBERGER,** | |
| **Defendants.** | |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Damien Padilla, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). On April 29, 2025, Padilla filed a Complaint alleging that he was denied access to the yard while in segregation. (Doc. 1). On May 9, 2025, Padilla filed an Amended Complaint which is identical to his original pleading but adds exhibits. (Doc. 4).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to screen the Amended Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, Wexford Health Sources, Inc., and this Court.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE AMENDED COMPLAINT

In July 2023, Padilla was placed in Menard's restrictive housing unit. (Doc. 4, p. 8). Padilla remained housed there from July 2023 until December 2023. *Id*. He alleges that during his time in restrictive housing he was not allowed to attend yard or any outside recreation. *Id*. Although individuals in both general population and protective custody were allowed to access the yard daily, Padilla alleges that Anthony Wills denied inmates in restrictive housing access to the yard. *Id*. The reason given for the lack of yard was because of staff shortages. *Id*. Padilla alleges that he is labeled as a seriously mentally ill ("SMI") inmate, and the lack of access to the yard, natural air, and sunlight was detrimental to his medical and mental health. *Id*.

Padilla alleges that he wrote numerous grievances about his inability to access the yard. He alleges that Carrie Morris responded to those grievances but failed to take any action to allow inmates to access the yard. (Doc. 4, p. 8-9). He alleges that Morris was aware of his SMI classification but failed to ensure his access to either the yard or mental health groups. *Id*. at p. 9. He also submitted several request slips to Morris that she failed to act on. As a result of lacking access to the yard and group, Padilla alleges that his mental health deteriorated.

Padilla further alleges that behavioral health technicians Katie Phillips and Ms. Relgesperberger made rounds through the unit and were aware that Padilla was not receiving access to the yard. (Doc. 4, p. 9). They also informed Padilla that this was due to staff shortages. *Id*. Both technicians failed to ensure that Padilla received access to his mental health groups and adequate out-of-cell time. *Id*. Padilla gave them both request slips about his inability to access the yard, but they failed to take any action to help him. *Id*. at p. 9-10.

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills, Carrie Morris, Katie Phillips, and Ms. Relgesperberger for denying Padilla access to out-of-cell time while in segregation.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to mental health needs claim against Anthony Wills, Carrie Morris, Katie Phillips, and Ms. Relgesperberger for denying Padilla access to out-of-cell time and/or mental health groups while in segregation.**
>
> **Count 3:** **Fourteenth Amendment due process claim against Anthony Wills for placing Padilla in segregation and limiting his out-of-cell time.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Padilla states viable Eighth Amendment claims against the defendants for denying him out-of-cell time, including access to mental health groups, while he was housed in segregation. Padilla alleges that Carrie Morris, Katie Phillips, and Ms. Relgesperberger knew of his status as an SMI inmate but failed to take any action to ensure that he had access to the yard and his mental health group. Padilla further alleges that the denial of out-of-cell time was at the direction of Anthony Wills. Thus, Counts 1 and 2 shall proceed against Anthony Wills, Carrie Morris, Katie Phillips, and Ms. Relgesperberger.

Padilla, however, fails to state a claim against Anthony Wills in Count 3. Although Padilla alleges that Anthony Wills violated his due process rights by placing him in segregation from July to December without access to the yard, he fails to provide any allegations regarding his placement in segregation. Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a

---

[2] This includes any claim against Defendants in their official capacities. Padilla only seeks monetary damages, and such damages are not available against defendants in their official capacities. *See, e.g.*, *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) (noting that "state officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages."). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-569 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Although Padilla alleges that he was placed in segregation for nearly six months with no access to out-of-cell time, he fails to include any allegations regarding his disciplinary proceedings. Instead, he merely alleges in conclusory fashion that Anthony Wills violated his due process rights. But without factual allegations regarding the events leading to his placement in segregation, Padilla fails to adequately allege a violation of his due process rights. Thus, Count 3 is **DISMISSED without prejudice**.

### MOTION FOR COUNSEL

Padilla also filed a motion for counsel (Doc. 6), seeking the assignment of counsel because he believes that he will have trouble advocating and arguing the law on his own. Although he indicates that he wrote to three attorneys seeking representation, he fails to identify those attorneys, nor does he indicate when he wrote to them. Further, given the early stages of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See, e.g., Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").[3] Defendants have not been served or filed

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Answers. Once Defendants have been served and file their Answers, the Court will enter a scheduling order setting forth the next steps in the litigation process. If Padilla experiences difficulties in litigating the case at that point, he may submit another request for counsel. At this time, his motion is **DENIED without prejudice**. Padilla is reminded that in any subsequent motion for counsel, he should also identify the attorneys that he has contacted and attach any responses, if any, that he received from those attorneys.

## DISPOSITION

For the reasons stated above, Counts 1 and 2 shall proceed against Anthony Wills, Carrie Morris, Katie Phillips, and Ms. Relgesperberger. Count 3 is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Anthony Wills, Carrie Morris, Katie Phillips, and Ms. Relgesperberger: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Padilla. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Padilla, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Padilla's claims involve his mental healthcare, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Padilla, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Padilla is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court, and each opposing party, informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED:  June 3, 2025.

Digitally signed by
Judge Sison
Date: 2025.06.03
12:03:03 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**